UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS,
5124 Clavel Ter.
Rockville, MD 20853,

    Plaintiff,

vs.

ROYA BAHRAMI,

    Defendant.
_____/

**COMPLAINT**
and
**JURY DEMAND**

    Plaintiff, Darrell Rogers, by and through his undersigned attorneys, files this Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendant, Roya Bahrami, and as good grounds states as follows:

**PRELIMINARY STATEMENT**

    1.    This action arises as a result of Defendant's discriminatory actions perpetrated against families with children with regards to the rental of two dwellings located at 2908 13th Street NW, Washington, DC 20002 (the "Dwellings").

    2.    Specifically, Defendant has violated the Fair Housing Act by, among other things, making, printing, and publishing, and causing to be made, printed, and published any statement or advertisement, with respect to the sale or rental of the Dwellings, that indicates any preference, limitation, or discrimination based on familial status.

1

## JURISDICTION AND VENUE

3.      Jurisdiction is invoked pursuant to 42 U.S.C. § 3613(a), in that Plaintiff asserts his claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 2201 and 1343(a)(4), in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act.

4.      Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks preliminary and permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that the events and/or omissions giving rise to the claims herein occurred in this district, and the Defendant conducts business in this district.

## PARTIES

6.      Plaintiff, Darrell Rogers, is the father of two young children. Mr. Rogers is deeply committed to fair housing and the goals of the Fair Housing Act. Mr. Rogers was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendant.

7.      Defendant is the author of the discriminatory advertisements.

## FACTUAL ALLEGATIONS

8.      On July 10, 2016, while looking through real estate advertisements, Mr. Rogers visited: https://www.airbnb.com/rooms/669941, and encountered an advertisement for the rental of one of the Dwellings.

9.      The advertisement stated: "Due to the old and charming structure of this building, sound travels and therefore we are unable to host families with infants and/or

toddlers who cannot sleep through the night and may want to be running around – I love children but we need to be considerate of everyone here."

10. The advertisement further linked to an advertisement for another property in the same building – located at https://www.airbnb.com/rooms/1284169 - and which contained the exact same discriminatory language

11. Being familiar with Fair Housing laws, Mr. Rogers was shocked that the advertisements contained such overtly discriminatory language, in blatant disregard for federal fair housing laws.

12. Mr. Rogers's shock was exacerbated by the fact that the advertisements contain such overtly discriminatory language despite the fact that Airbnb.com specifically informs its users about the Fair Housing Act and its application to such advertisements:

> However, even if you're exempt from complying with the FHA, it is still illegal to advertise or make any statement that indicates a limitation or preference based on race, color, national origin, religion, sex, familial status, or handicap. This prohibition against discriminatory advertising applies to single-family and owner-occupied housing that is otherwise exempt from the FHA.

13. The advertisements further indicated that the Dwellings could be rented on a monthly basis and provided for a 30% discount for such rentals.

14. Upon information and belief, Defendant, who is listed as "host" on the advertisement, developed the text of the advertisements, including the text of the blatantly discriminatory language.

15. As an individual who is dedicated to combating discrimination and advancing fair housing, and as a father of two young children, Mr. Rogers was

emotionally distraught and extremely insulted by the advertisements and evidences of discrimination that he viewed and uncovered.

## COUNT 1:
## VIOLATION OF THE FAIR HOUSING ACT

16. Plaintiff repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

17. This Count 1 is brought by Plaintiff against the Defendant.

18. Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant and her agents.

19. Defendant has violated the Fair Housing Act by, among other things, making, printing, or publishing, or causing to be made, printed, or published a notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status.

20. A discriminatory purpose, not any legitimate reason, was a motivating factor behind Defendant's aforementioned discriminatory actions and/or omissions.

21. As a result of Defendant's actions, omissions, policies and procedures as described above, Plaintiff suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of his right to a fully integrated community.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. declare the actions, omissions, policies, and procedures of Defendant complained of herein to be in violation of the federal Fair Housing Act, specifically 42 U.S.C. § 3604(c);

B. enter a permanent injunction enjoining Defendant, her successors, and her servants, agents and employees, and all those acting in concert with them, from making, printing, or publishing notices, statements, or advertisements that indicate a preference, limitation, or discrimination based on familial status;

C. enter a permanent injunction compelling Defendant, her successors, and her servants, agents and employees, and all those acting in concert with them, to adopt policies, procedures and practices, which will ensure that no advertisements indicating a preference, limitation, or discrimination based on familial status are made, printed, or published in the future;

D. award compensatory damages to Plaintiff against Defendant to compensate Plaintiff for, among other things, the humiliation, embarrassment, and emotional distress caused by Defendant's discriminatory actions;

E. award Plaintiff his costs and reasonable attorneys' fees in this action; and

F. award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Respectfully submitted,

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

5

Social Justice Law Collective, PL
434 Skinner Blvd., #206
Dunedin, FL 34698
Tel: (202) 709-5744
Fax: (866) 893-0416


By: *s/ Shawn A. Heller*
     Shawn A. Heller